Kevin D. Swenson (Arizona Bar No. 030019)
Colby S. Wells (Arizona Bar No. 030569)
SWENSON & SHELLEY PLLC
107 South 1470 East, Suite 201
St. George, Utah 84790
Phone: (435) 767-7777
Email: Kevin@swensonshelley.com
Email: Colby@swensonshelley.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DALJIT SAHOTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SIMON BLEVINS, an individual; OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation; and JOHN/JANE DOES 1 to 50,<br><br>Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br>Case No:<br><br>Judge:_____ |

Plaintiffs, by and through undersigned counsel, allege as follows:

## JURISDICTION AND VENUE ALLEGATIONS

1. Plaintiff Daljit Sahota is a resident of Kern County, State of California.

2. Defendant Simon Blevins ("Mr. Blevins"), upon information and belief, is a resident of Laurel County, State of Kentucky, and at all times alleged herein was an authorized driver of the semi-truck that collided with Plaintiff's vehicle.

3. Defendant Old Dominion Freight Line, Inc. [hereafter "Old Dominion"] is a Virginia-based active carrier with a principal office in North Carolina operating under USDOT Number 90849 and MC Number 107478.

4. At all material times, Defendant Old Dominion Freight Line, Inc. includes and included any and all parents, subsidiaries, affiliates, divisions, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives, and any and all other person acting on their behalf.

5. Upon Information and belief, at all relevant and material times, Defendant Blevins was the agent and employee of Defendant Old Dominion in doing the events described and was at all times acting within the purpose and scope of such agency and employment and therefore Defendant Blevins is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors, including Defendant Blevins.

6. Upon information and belief, Defendant Old Dominion, a Virginia corporation, is believed to be authorized to do and is doing business in Arizona.

7. Defendants John Does and Jane Does are other persons or entities that may be responsible for the Plaintiff's injuries and damages and whose names and identities are unknown at this time. The actual names and identities of these persons or entities will be substituted when known.

8. Defendant Simon Blevins at all times alleged herein was acting individually and on behalf of the marital community of Simon Blevins and Jane Doe Blevins.

9. The instant action arises from an automobile collision, which occurred on Interstate 40 in Coconino County, Arizona.

10. Venue is proper before the U.S. District Court, State of Arizona.

11. In personam jurisdiction may properly be exercised by the U.S. District Court, in and for the District of Arizona, over all of the parties.

12. The amount in controversy exceeds $75,000.00.

13. The events that give rise to the allegations contained herein occurred within Coconino County, Arizona.

14. Subject matter jurisdiction is proper before the U.S. District Court, in and for the District of Arizona.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

15. On or about June 27, 2020, at approximately 4:51 p.m. Plaintiff Sahota was lawfully driving a 2013 Freightliner truck owned by Skye High Carriers, Inc.—VIN 3AKJGLDR7DSBC1019—heading eastbound in the *outside* lane on Interstate Forty (I-40) approaching MP-228 in Coconino County, Arizona.

16. On or about June 27, 2020, at approximately 4:51 p.m. Defendant Blevins was driving a 2021 Freightliner tractor—VIN 1FUBHGFG6MLMG5857— owned by Defendant Old Dominion pulling two combined loaded trailers heading eastbound on the I-40 approaching MP-228 in Coconino County, Arizona.

17. Defendant Simon Blevins traveled off the road to the right onto the emergency shoulder and abruptly veered back from the emergency shoulder into the *outside* lane of travel directly into Plaintiff's vehicle causing catastrophic damage to the front of Plaintiff's truck.

18. Plaintiff has been damaged by the negligence of Defendant Simon Blevins in an amount to be determined at trial, and Defendant Simon Blevins should be held liable for Plaintiff's Damages, both special and general, including loss of wages and permanent impairment.

19. Plaintiff should be entitled to pre-judgment interest on his general and special damages from the date of injury until entry of judgment.

**COUNT ONE – NEGLIGENCE**
**(As to Defendant Simon Blevins)**

20. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

21. Defendant Blevins owed Plaintiff a duty of care to operate his vehicle in a safe, reasonable, and attentive manner, including to do so while free from distractions.

22. Defendant Blevins breached his duty of care owed to Plaintiff when he failed to operate his vehicle in a safe, reasonable or attentive manner and when he failed to exercise due care to avoid colliding with Plaintiff's vehicle.

23. Defendant Blevins breached his duty of care owed to Plaintiff when he operated his vehicle in such a negligent manner so as to cause the collision, as described in this Complaint, in which Plaintiff was injured. Said collision and injuries were caused solely by the negligence of Defendant Blevins without any negligence or contribution on the part of Plaintiff.

24. As a direct and proximate result of Defendant Blevins' negligent acts, errors, and/or omissions, Plaintiff suffered serious personal injuries, including bodily injuries, pain and suffering, emotional damages, a decreased ability to participate in the activities of daily living, a diminished enjoyment in life, as well as other damages.

25. As a further direct and proximate result of Defendant Blevins' negligence as set forth in this Complaint, Plaintiff has incurred medical expenses and will likely continue to incur such expenses in the future. Plaintiff's injuries will likely have a permanent, debilitating, and residual effect on Plaintiff.

### COUNT TWO – NEGLIGENCE PER SE
**(As to Defendant Simon Blevins)**

26. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

27. At all relevant times, Defendant Hook owed a duty to comply with all applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Arizona.

28. Defendant breached this duty when he turned in front of Plaintiff when it was not reasonably safe to do so in violation of Arizona law.

29. Plaintiff was, at the time of the collision, within the class of persons whom the law was meant to protect.

30. Defendant's failure to comply with the law created the type of collision which the law was designed to prevent.

31. Defendant's failure to comply with the law was the direct and proximate cause of

Plaintiff's injuries and damages and thus constitutes negligence per se.

## COUNT III – RESPONDEAT SUPERIOR
**(As to Defendant Old Dominion Freight Lines, Inc.)**

32. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

33. Upon information and belief, at all relevant and material times, Defendant Blevins was an agent and/or employee of Defendant Old Dominion at the time of the crash and was using a Company vehicle with the Company's knowledge, authorization, and permission.

34. Defendant Blevins' use of the Company's vehicle was, at least in part, for the purpose of his service to the Company.

35. For these reasons, Defendant Old Dominion is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors, including Defendant Blevins.

## COUNT IV – NEGLIGENT ENTRUSTMENT
**(As to Defendant Old Dominion Freight Lines, Inc.)**

36. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

37. Defendant Old Dominion owns the semi-truck Defendant Simon Blevins was driving at the time of the crash.

38. Defendant Old Dominion employed and/or gave permission to Defendant Simon Blevins to drive said semi-truck.

39. At the time Defendant Old Dominion employed and/or gave permission to

Defendant Simon Blevins to drive the semi-truck, it knew or should have known that Defendant Simon Blevins was a careless, incompetent, or inexperienced driver.

40. Defendant Simon Blevins was reckless, careless, and negligent while driving the 18-wheeler semi-truck.

41. Defendant Simon Blevins's negligence caused the crash.

42. Defendant Old Dominion's negligent entrustment of allowing Defendant Simon Blevins to operate the semi-truck is the actual and proximate cause of Plaintiff's injuries and damages.

43. Plaintiff alleges that Defendant Old Dominion was negligent in allowing Defendant Simon Blevins to drive the semi-truck, and therefore Defendant Old Dominion is responsible for the harm to Plaintiff.

**COUNT V – NEGLIGENT HIRING AND/OR RETENTION**
**(As to Defendant Old Dominion Freight Lines, Inc.)**

44. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

45. At all relevant times, Defendant Old Dominion owed a duty to ensure that the agents and/or employees that it entrusted with its motor vehicles, and which it required to drive said motor vehicles in furtherance of the Company's business purpose, would comply with all applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Arizona.

46. Old Dominion breached this duty when it allowed and/or required Defendant Blevins to drive the Company's vehicle without taking steps to ensure that Defendant Blevins would do so without due regard for, and compliance with, Arizona traffic laws.

47. Plaintiff was, at the time of the collision, within the class of persons whom the law was meant to protect.

48. The Company's failure to ensure that its agent and/or employees, such as Defendant Blevins, would comply with the law created the type of collision which the law was designed to prevent.

49. Defendant's failure in hiring Defendant Blevins and/or retaining him, was a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT VI – NEGLIGENT SUPERVISION
### (As to Defendant Old Dominion Freight Lines, Inc.)

50. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

51. Defendant Old Dominion owns the semi-truck Defendant Simon Blevins was driving at the time of the crash.

52. Defendant Old Dominion was responsible to supervise Defendant Simon Blevins while Defendant Simon Blevins was operating said semi-truck.

53. At the time of the crash, Defendant Old Dominion failed to supervise Defendant Simon Blevins' operation of the semi-truck, but instead allowed Defendant Simon Blevins to drive carelessly and incompetently.

54. Defendant Simon Blevins was reckless, careless, and negligent while driving the semi-truck.

55. Defendant Simon Blevins' negligence caused the crash.

56. Defendant Old Dominion's negligent supervision of its employee, Defendant Simon Blevins, and allowing Defendant Simon Blevins to operate the semi-truck unsupervised is the actual and proximate cause of Plaintiff's injuries and damages.

57. Plaintiff alleges that Defendant Old Dominion was negligent in supervising Defendant Simon Blevins to drive the semi-truck, and therefore, Defendant Old Dominion is responsible for the harm to Plaintiff.

**COUNT VII – NEGLIGENT Training**
**(As to Defendant Old Dominion Freight Lines, Inc.)**

58. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

59. Defendant Old Dominion owns the semi-truck Defendant Simon Blevins was driving at the time of the crash.

60. Defendant Queen Star trained Defendant Jason Li to drive said 18-wheeler semi-truck.

61. Defendant Old Dominion failed to adequately train Defendant Simon Blevins to drive said semi-truck.

62. Defendant Simon Blevins was reckless, careless, and negligent while driving the semi-truck.

63. Defendant Simon Blevins' negligence caused the crash.

64. Defendant Old Dominion's negligent training of its employee, Defendant Simon Blevins, and allowing Defendant Simon Blevins to operate the semi-truck is the actual and proximate cause of Plaintiff's injuries and damages.

65. Plaintiff alleges that Old Dominion was negligent in training Defendant Simon Blevins to drive the semi-truck, and therefore Defendant Old Dominion is responsible for the harm to Plaintiff.

## COUNT VIII – PUNITIVE DAMAGES

66. Plaintiff hereby incorporates by reference all prior allegations contained in this Complaint.

67. Defendant Simon Blevins' conduct of driving recklessly and swerving off of the road onto the emergency shoulder constitutes conduct which was willful, malicious, knowing, reckless, reprehensible, and which proximately caused injury and damages to Plaintiff in an amount to be proven at trial and for which Plaintiff should be awarded punitive damages from Defendant.

68. Defendant Simon Blevins' conduct exhibited knowing and reckless indifference to Plaintiff's rights.

69. Defendant Simon Blevins' conduct while driving a semi-truck was so extreme as to be outside all bounds of tolerable conduct.

70. Defendant Simon Blevins performed an act so unreasonable and dangerous that Defendant Simon Blevins knew or should have known that it was highly probable that injury, substantial harm, or emotional distress would result.

71. As a result of the foregoing, Plaintiff should be awarded punitive damages in an amount to be determined at trial.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For past, present, and future special damages including medical expenses, lost wages, consequential damages, and other out-of-pocket expenses, not less than $1,000,000;

b. For past, present, and future general damages, including physical pain and suffering, emotional pain and suffering, permanent impairment, and loss of enjoyment of life, in excess of $1,000,000;

c. For attorneys' fees and costs; and

d. For pre-judgment and post-judgment interest, costs of Court, and such other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 14th day of June 2022.

SWENSON & SHELLEY, PLLC

 /s/ Kevin D. Swenson
KEVIN D. SWENSON